UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

ANTHONY WAYNE FAGAN                                                              PLAINTIFF

v.                                                                CIVIL ACTION NO. 5:11CV-P38-R

BANTERRA BANK et al.                                                             DEFENDANTS

## MEMORANDUM OPINION

Plaintiff, Anthony Wayne Fagan, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff sues Banterra Bank, attorney Mark C. Whitlow, and Robin Lattuca, a Banterra Bank representative. He states that on March 21, 2008, he received a loan from Banterra Bank to purchase a house, at which time a certificate of deposit was put up as security to cover the loan. He states that on March 17, 2010, Banterra Bank, through Lattuca and Whitlow, initiated foreclosure proceedings on his house and the certificate of deposit, even though they knew that Plaintiff was incarcerated and unable to meet his obligations in paying off his loan. He contends "that the collateral should be forefeited and all services rendered." He also states that he is "sure under the United States Constitution there is a provision or letter of the law to protect me against this fraudulent action by the defendants." He attaches as an exhibit a March 17, 2010, letter from Whitlow, stating that he had been retained by Banterra Bank to initiate foreclosure proceedings because Plaintiff is overdue for his September 21, 2009, mortgage payment and all subsequent monthly payments. As relief, Plaintiff wants punitive damages and injunctive relief.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff's complaint fails to state a claim under § 1983 because the Defendants did not act under color of state law as is required by § 1983. In order to state a claim under § 1983, the plaintiff must allege both a violation of a right or rights secured by the Constitution and laws of the United States and that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The private bank, Banterra, its employees, and its retained counsel do not, as a matter of law, act under color of law so as to be liable under § 1983. *See*, *e.g.*, *Lally v. Crawford County Trust & Sav. Bank*, 863 F.2d 612 (8th Cir. 1988) (per curiam) (affirming the decision of a district court dismissing a debtor's § 1983 claim against bank for lack of state action, where the debtor's only claim was based on allegation that bank employee acted under color of state law when he threatened to have the debtor put in jail for

2

account overcharge); *Gibson v. Dixon*, 579 F.2d 1071 (7th Cir. 1978) (per curiam) (a bank's use of state statutory procedure for selling automobile after it was repossessed by the bank does not constitute state action under § 1983); *Thompson v. Wells Fargo Inc.*, No. 2:08-cv-01227-RCJ-GWF, 2009 WL 2567890, at *3 (D. Nev. Aug. 18, 2009) (dismissing prisoner's § 1983 claim against the bank and other private actors for allegedly failing to follow state eviction law); *Burrows v. McEvoy*, No. 08-CV-11697, 2008 WL 4909386, at *5 (E.D. Mich. Nov. 12, 2008) (dismissing § 1983 claim against lawyer who initiated foreclosure proceedings because lawyer was not a state actor); *Roemer v. Security Bancshares*, 978 F. Supp. 988 (D. Kan. 1997) (a mortgagor's § 1983 complaint against bank and bank officials was dismissed where the mortgagor alleged that the foreclosure action against him was attempt to perpetuate apparently illegal lending practices of bank in violation of his constitutional rights, because complaint included no allegations of involvement of any state actors or any facts showing that defendants acted "under color of state law").

### III. CONCLUSION

Consequently, Plaintiff's claims against Defendants will be dismissed by separate Order.

Date:


cc: Plaintiff, *pro se*
 Defendants
4413.009

3